UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **The Cadle Company,** : | | |
|     **Appellant** : | | |
| **v.** : | No. | 3:03cv1358 (JBA) |
| : | | LEAD |
| **Bonnie C. Mangan, Trustee** : | | |
|     **Appellee** : | | |
| : | | |
| : | | |
| **The Cadle Company, and D.A.N.** : | | |
| **Venture, A Limited Partnership** : | No. | 3:03cv1359 (JBA) |
|     **Appellants** : | | MEMBER |
| **v.** : | | |
| : | | |
| **Bonnie C. Mangan, Trustee** : | | |
| **Charles Atwood Flanagan** : | | |
| **and John C. Flanagan** : | | |
|     **Appellees** : | | |

**Ruling on Motion for Rehearing [Doc. # 56]**

On September 30, 2004, this Court affirmed the bankruptcy court's decisions in two related bankruptcy adversary proceedings, finding, <u>inter alia</u>, that appellant Bonnie C. Mangan ("Mangan"), as Chapter 7 Trustee for Charles A. Flanagan ("Flanagan"), could avoid as a preferential transfer $14,542.87 of the $99,542.87 payment that Flanagan made to the Cadle Company in satisfaction of a judgment debt.  While the funds that Flanagan borrowed from his father to pay the $99,542.87 judgment were specifically earmarked for that purpose, and thus could not be deemed a transfer of the property of the debtor, this Court upheld the bankruptcy court's limitation of Cadle's earmarking

1

defense in recognition that John Flanagan's loan to his son was <u>secured</u> by Charles Flanagan's stock, supplanting a $85,000 lien on the stock by Socrates Babacus, and was used to pay off an <u>unsecured</u> obligation to Cadle.  The payment therefore diminished the value of Flanagan's estate to the extent that the John Flanagan loan encumbered previously unencumbered property of Flanagan.  Accordingly, the amount Mangan was entitled to avoid as a preferential transfer was calculated by subtracting the amount of the Babacus obligation ($85,000) from the amount of the payment ($99,542.87), for $14,542.87.

Mangan now moves for hearing pursuant to Rule 8015 of the Federal Rules of Bankruptcy Procedure, arguing that the Court improperly calculated the damages due to her as trustee of the bankruptcy estate.  Rule 8015 of the Federal Rules of Bankruptcy Procedure provides:

> Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel. . . .

While Rule 8015 does not itself provide a standard for rehearing, the Advisory Committee Notes to Rule 8015 state that it is an adaptation of Fed. R. App. P. 40(a), making the standard for appellate rehearing set forth in Rule 40(a)(2) appropriate.  <u>See</u>, e.g., <u>In re Fowler</u>, 394 F.3d 1208, 1215 (9th Cir. 2005); 9 Collier on Bankr. P 8015.04 at 8015-4 (15th ed. rev. 1993).  Under Rule 40(a)(2), a petition for rehearing "must state with

particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition."

Mangan argues that the Court miscalculated the amount of the preferential transfer because "the true diminution of Flanagan's estate is not the difference between the Payment and the Babacus lien, but rather the difference between [John] Flanagan's lien and the Babacus lien."  Motion for Rehearing [Doc. # 56-1] at 5.  The Promissory Note from Charles Flanagan to John Flanagan obligates Charles Flanagan to pay $110,000, plus interest at 7%, plus all attorney fees incurred by John Flanagan "in any litigation or controversy arising after default from or connected with this Note . . ."  Pledge and Security Agreement [Doc. # 56-1, Ex. A].  In contrast, Mangan states that there was no evidence that Flanagan had agreed to pay interest or collection costs on his $85,000 loan from Babacus.  Thus, Mangan argues, Flanagan's $85,000 no-interest obligation was replaced by an obligation to pay $110,0000 plus interest and attorney fees.

Mangan did not raise this issue in the initial appeal, arguing instead that the entire amount of the $99,542.87 payment should be avoided as a preferential transfer.  Rule 40(a), however, is not so broad as to permit a party to raise a new argument not previously briefed or argued.  Anderson v. Branen, 27 F.3d 29, 30 (2d Cir. 1994); see also Utahns for Better Transp. v. U.S. Dept. of Transp., 319 F.3d 1207, 1210 (10th Cir. 2003)

3

("Ordinarily, we do not address issues or arguments raised on rehearing that a party should have addressed in prior briefing."); FDIC v. Massingill, 30 F.3d 601, 605 (5th Cir. 1994) (denying defendant's petition for rehearing because he had not previously raised the issue on appeal); American Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1264 (1st Cir. 1993) (holding that "a party may not raise new and additional matters for the first time in a petition for rehearing").  One basis for granting such a petition is where there has been an intervening change in relevant law, see Lowry v. Bankers Life & Cas. Retirement Plan, 871 F.2d 522, 523-25 (5th Cir. 1989), but such is not the case here.  In addition, to the extent that the Trustee's argument here is not entirely novel, "a petition for rehearing is not a brief on the merits," and cannot rely on "arguments previously made in the briefs."  United States v. Molina-Tarazon, 285 F.3d 807, 808 (9th Cir. 2002).

Accordingly, Mangan's Motion for Rehearing [Doc. # 56] is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 17th day of August, 2005.**